IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TYRONE WATSON,** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **Warden JOHN DOE**, *et al.*, : <br> : <br> **Defendants.** : <br> : | **Case No. 5:24-cv-00171-MTT-MSH** <br><br> **Proceedings Under 42 U.S.C. §1983** <br> **Before the U. S. Magistrate Judge** |

# **ORDER**

*Pro se* Plaintiff Tyrone Watson, a prisoner at the Johnson State Prison in Wrightsville, Georgia, has filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has not paid the $405.00 full filing fee but has instead submitted a certified copy of his inmate account statement. *See* ECF No. 3. The Court will construe Plaintiff's failure to pay the filing fee and the submission of his certified account statement as a request for leave to proceed *in forma pauperis*.

## **REQUEST FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to prepay the full cost of commencing this action, his request to proceed *in forma pauperis* is **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on

funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification shows that for the preceding six months,[1] Plaintiff had total deposits in the amount of $760.00. ECF No. 3 at 1. Thus, Plaintiff had average monthly deposits of $126.67. Twenty percent of his average deposit amount is $25.33. **Accordingly, if Plaintiff wishes to proceed with this action, he must pay an initial partial filing fee of $25.33.**

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

---

[1] Although Plaintiff's civil action was not initiated and docketed until May 29, 2024, Plaintiff's account statement is dated April 2, 2024. *See* ECF No. 3. Therefore, Plaintiff's average deposits was calculated from the April 2nd date.

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

## INITIAL REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Here, Plaintiff's claims arise from his previous incarceration at Washington State Prison in Davisboro, Georgia. ECF No. 1 at 4. Plaintiff states that on July 8, 2022, he "had a slip & fall accident and dislocated [his] knee cap with a torn meniscus and complete tears in [his] ACL & PCL[.]" *Id*. Plaintiff complains that the fall occurred "due to a bursted water pipe that the warden was well aware of and did not have maintenance place any caution signs in this area where staff and inmates had no choice but to walk[.]" *Id*. Plaintiff was taken by ambulance to "Washington Co. hospital" where he was treated by "Doctor John Doe". *Id*. at 4 and 5. Plaintiff claims that this Doctor "fail[ed] to respond appropriately to [his] serious medical need[.]" *Id*. at 5. Plaintiff seeks damages from this Defendant Doctor John Doe as well as from "Warden John Doe" because he "is legally

responsible for the operation at WSP" and "Commissioner John Doe cause he's legally responsible for the overall operation of the Dept. of Corrections … including WSP." *Id.*

Plaintiff's complaint in its present form is subject to dismissal under 28 U.S.C. § 1915A(a) for failure to state a claim. First, Plaintiff refers to his three Defendants as "John Doe." ECF No. 1. As a general rule, "fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). The one exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992). Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks omitted). Here, Plaintiff fails to properly identify his Defendants.

Moreover, to state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). The Supreme Court has defined "acting under color of law" as acting with power possessed by virtue of the defendant's employment with the state. *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522 (11th Cir. 1995); *West v. Atkins*, 487 U.S. 42, 49 (1988). The dispositive issue is whether the defendant was acting pursuant to the power he

possessed by state authority, or whether he was acting only as a private individual. *Edwards*, 49 F.3d at 1523 (quoting *Monroe v. Pape*, 365 U.S. 167, 184 (1961)). It appears from Plaintiff's complaint that the Doctor who treated his knee injury was employed by an outside hospital and was not an employee of the prison or otherwise a state actor of any kind. Therefore, even if Plaintiff identified this Doctor by name, any § 1983 claim against this Doctor would be subject to dismissal.

Furthermore, Plaintiff lists an unnamed Warden and an unnamed State Prison Commissioner as Defendants and states that he should be awarded damages because these persons are "legally responsible for the operation of [Washington State Prison]." ECF No. 1 at 5. However, it is well-settled in the Eleventh Circuit that supervisory officials such as Wardens and Commissioners are not liable under § 1983 for the unconstitutional acts that are based in theories of *respondeat superior* or vicarious liability. *See, e.g.*, *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d

991, 995 (11th Cir. 2003). Nowhere in Plaintiff's complaint is there any allegation that would plausibly support an inference that the Defendant Warden or Prison Commissioner had any direct or indirect involvement in any violation of Plaintiff's constitutional rights. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (per curiam) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Lastly, Plaintiff claims are based upon his slipping in standing water in the chow hall and injuring his knee in the process. *See* ECF No. 1 at 4-5. To state a conditions-of-confinement claim, a plaintiff must first demonstrate that the deprivations about which he complains are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010); *see also Brooks v. Warden*, 800 F.3d 1295, 1303-04 (11th Cir. 2015). A plaintiff must also show that the defendant was deliberately indifferent to a substantial risk of serious harm. *See Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). To establish a defendant's deliberate indifference, the plaintiff must show (1) subjective knowledge of a risk of serious harm; (2) disregard that risk; and (3) conduct that is more than a specified degree of negligence. *See id.* at 1290 n.21 (citing *Farrow v. West*,

320 F.3d 1235, 1245 (11th Cir. 2003)). Plaintiff's claims that Defendant Warden John Doe was aware of a busted water pipe and failed to have maintenance put up caution signs falls short of this standard. While it is true that a busted water pipe or the standing water resulting from that leaking pipe may have posed some risk to Plaintiff, legal precedent dictates that such a risk is not objectively serious. *See, e.g.*, *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment" (internal quotes and cite omitted)); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (holding that standing water that caused fall did not pose objectively serious risk to prisoner, even where prison officials knew of the hazard prior to prisoner's fall and that prisoner had a heightened risk of falling because he used crutches, because "slippery floors constitute a daily risk faced by members of the public at large"); *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) (holding that "wet floors do present a possibility that inmates might slip" but they "do not suggest a *substantial* risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment," particularly where prisoner and other inmates were able to cross floor repeatedly without slipping); *Snyder v. Blankenship*, 473 F. Supp. 1208, 1212 (W.D. Va. 1979), *aff'd* 618 F.2d 104 (4th Cir. 1980) (prison officials' failure to repair leaking dishwasher, which caused prisoner to fall and be injured, "cannot be said as a matter of federal law to be conduct shocking to the conscience or repugnant to civilized standards of a maturing society"). And at most, Plaintiff has alleged that Defendant Warden John Doe was aware of the busted pipe and acted negligently by failing to have maintenance persons

put out caution signs. *See e.g.*, *Beasley v. Anderson*, No. 02-11114, 2003 WL 21108537, at *1 (5th Cir. Apr. 22, 2003) (per curiam) (claims that prison officials failed to correct slippery shower floor before prisoner fell "sound[ed] in negligence, which is insufficient to allege a constitutional violation"); *Leffall v. Johnson*, No. 01-41495, 2002 WL 31017045, at *1 (5th Cir. Aug. 20, 2002) (per curiam) (affirming dismissal of § 1983 claims for failing to state a claim where inmate "suffered a back injury after slipping and falling on a wet floor caused by a persistent plumbing problem" because allegations amounted to negligence, at most); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (holding that claims that "a leaking or sweating air conditioning unit made the floor wet and that Defendants failed to warn inmates of the wet floor . . . is a garden-variety negligence claim" and is therefore "not actionable under section 1983"). Negligent acts simply do not give rise to § 1983 liability. *See Daniels v. Williams*, 474 U.S. 327, 336 (1986); *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x. 862, 866 (11th Cir. 2008) ("Allegations of negligent conduct do not state a constitutional claim and thus, are not actionable under § 1983."). Thus, Plaintiff's claims regarding his fall and subsequent knee injury due to standing water in the chow hall are subject to dismissal for failure to state a § 1983 claim.

  If Plaintiff wishes to proceed with his lawsuit, the Court will afford Plaintiff one opportunity to remedy the defects with his current complaint as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Therefore, Plaintiff is required to submit an amended complaint on the Court's standard form for § 1983 complaints which states a claim for which relief may be granted. The recast complaint

must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights. It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, did his/her actions otherwise cause the unconstitutional action? How do you know?

(3) *When* and *where* did each action occur (to the extent memory allows)?

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer an injury? *What* did this defendant do (or not do) in response to this knowledge?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint. Meaning, the Court will only

consider the factual allegations and claims contained in Plaintiff's recast complaint. The Court will not consider those facts contained in Plaintiff's original complaint. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. ***The complaint must be no longer than ten (10) pages in its entirety.*** Plaintiff is not to include any exhibits or attachments.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**. Plaintiff is now **ORDERED** to (1) recast his complaint on the Court's standard § 1983 form as instructed, and (2) pay the partial initial filing fee of $25.33 within **FOURTEEN (14) DAYS** from the date of this Order. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process upon any Defendant until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED and DIRECTED**, this 27th day of June, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE