**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TYRONE WATSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 5:24-cv-171-MTT-AGH** |
| | : | |
| **Commissioner TYRONE OLIVER,** | : | |
| **Warden SCOTT WILKES,** | : | |
| **Deputy Warden ALEXANDER,** | : | |
| **Nurse GREEN,** | : | |
| **Correctional Officer SCOTT,**[1] | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).  *Pro se* Plaintiff Tyrone Watson, a prisoner at the Johnson State Prison in Wrightsville, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983.  Compl., ECF No. 1. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") and was ordered to pay a required partial filing fee.  Order, June 27, 2024, ECF No. 4.  Plaintiff paid that fee.  Plaintiff again moved for leave to proceed IFP in this action (ECF No. 9).

---

[1] The Court ordered Plaintiff to recast his complaint and informed him that his recast complaint would take the place of the original complaint.  Order 10-11, June 27, 2024, ECF No. 4.  Thus, Plaintiff's recast complaint (ECF No. 8) is now the operative complaint in this civil action. *See Schreane v. Middlebrooks,* 522 F. App'x 845, 847 (11th Cir. 2013) (noting that generally, an amended complaint supersedes the original complaint).  In his recast complaint, Plaintiff removes the John Doe Defendants and adds Georgia Department of Corrections Commissioner Tyrone Oliver, Warden Scott Wilkes, Deputy Warden Alexander, Nurse Green, and Correctional Officer Scott as Defendants. Recast Compl. 1, 6, 8-9, ECF No. 8. Therefore, the Clerk of Court is **DIRECTED** to terminate the John Doe Defendants and add Commissioner Tyrone Oliver, Warden Scott Wilkes, Deputy Warden Alexander, Nurse Green, and Correctional Officer Scott to this civil action.

Because the Court has already granted Plaintiff leave to proceed IFP, this motion is **DENIED as moot**.

Plaintiff was also ordered to recast his complaint and provided instructions on how to do so.  Order, June 27, 2024.  Plaintiff filed his recast complaint.  Recast Compl., ECF No. 8.  This civil action is now ripe for preliminary review.  Upon review, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for failing to state a claim upon which relief may be granted.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.      Standard of Review

The PLRA requires that district courts conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.  *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e)(2) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  *Pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys[,]" and thus, *pro se* claims are "liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

2

"A claim is frivolous if and only if it 'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (second alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003)

(finding the complaint failed to allege facts sufficient to state a claim under § 1983).

II.     Plaintiff's Allegations

Plaintiff's claims arise from his previous incarceration at Washington State Prison in Davisboro, Georgia.   Recast Compl. 7.   Plaintiff complains that on July 8, 2022, he "had a slip and fall accident and dislocated his knee cap with a torn meniscus and complete tear."   *Id.*   Plaintiff complains that "the fall occurred due to a bursted [sic] water pipe that the warden was well aware of and did not have maintenance place any caution signs in the area where staff and inmates had no choice but to walk."   *Id.*   Plaintiff seeks damages.   *Id.* at 11.

III.    Plaintiff's Claims

Claims that prison officials were deliberately indifferent to an inmate's safety are generally cognizable under the Eighth Amendment to the United States Constitution.   *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   A prisoner asserting this type of Eighth Amendment claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation.   *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).   Deliberate indifference in the Eleventh Circuit amounts to "'subjective recklessness as used in the criminal law,'" which requires a plaintiff to "demonstrate that the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm."   *Wade v. McDade*, 106 F.4th 1251, 1253 (11th Cir. 2024) (en banc) (quoting *Farmer*, 511 U.S. at 839).

4

Plaintiff's allegations, read liberally and accepted as true, do not support an inference that any Defendant has violated any constitutional or federal rights sufficient to maintain an action under § 1983.   "Courts have regularly held that slip and fall accidents do not give rise" to claims under the Eighth Amendment.   *Davis v. Corr. Corp. of Am.*, No. 5:07cv279/RS-EMT, 2008 WL 539057, at *3 (N.D. Fla. Feb. 22, 2008) (collecting cases); *see also, e.g., Hunter v. Riverbend Corr. Facility*, No. 22-11599, 2023 WL 6389817, at *4 (11th Cir. Sept. 29, 2023), *cert. denied sub nom. Hunter v. Morris, et al.*, No. 24-5566, 2024 WL 4743136 (U.S. Nov. 12, 2024) (affirming district court's grant of summary judgment for defendants, finding that condensation on a prison floor does not rise "to the level of an 'extreme' condition that pose[s] an 'objectively intolerable risk of harm'" and that an "alleged failure to remedy the situation is something more akin to negligence" (internal citations omitted)); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (holding that standing water that caused fall did not pose objectively serious risk to prisoner, even where prison officials knew of the hazard prior to prisoner's fall); *Beasley v. Anderson*, 67 F. App'x 242 (5th Cir. 2003) (affirming dismissal of prisoner's complaint on preliminary review under IFP statute, finding that prisoner's claim that he fell on a slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. Feb. 6, 2004) (holding that "wet floors do present a

5

possibility that inmates might slip" but they "do not suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment."); *Davis v. Hamilton*, No. 21-81906-CIV-SINGHAL, 2022 WL 1301733, at *2 (S.D. Fla. Feb. 8, 2022) (dismissing plaintiff's claim about injuries sustained due to a slippery shower floor and stating that "negligence does not rise to the level of a constitutional claim actionable under § 1983").

Accordingly, Plaintiff's allegation that he was injured due to a slippery floor from a broken water pipe amounts to no more than an assertion of general negligence for failing to maintain the premises in a reasonably safe condition.   Because Plaintiff fails to allege that any Defendant was deliberately indifferent to his safety in violation of the Eighth Amendment, Plaintiff fails to state a § 1983 claim and his complaint is subject to dismissal.

III.   Conclusion

For the foregoing reasons, Plaintiff's second motion to proceed *in forma pauperis* (ECF No. 9) is **DENIED as moot**.   It is **RECOMMENDED** that this § 1983 civil action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and/or § 1915A for failure to state a claim upon which relief may be granted.[2]

---

[2]   It is possible the statute of limitations could bar the refiling of Plaintiff's claims.   "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)).   Even if this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because Plaintiff was given an opportunity to amend his complaint after being advised of the defects therein (ECF No. 4) and his amended complaint (ECF No. 8) fails to state a claim. *See*

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection is limited in length to **TWENTY (20) PAGES**.   *See* M.D. Ga. L.R. 7.4.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 18th day of November, 2024.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

---

*Marantes v. Miami-Dade Cnty.,* 649 F. App'x 665, 673 (11th Cir. 2016) ("[O]ur case law does not require a district court to give a *pro se* litigant multiple opportunities to amend."); *Bloom v. Alvereze,* 498 F. App'x 867, 884 (11th Cir. 2012) (citing *Welch v. Laney,* 57 F.3d 1004, 1009 (11th Cir. 1995) ("After a district court grants an opportunity to amend and identifies the pleading's deficiencies . . . dismissal with prejudice is appropriate").